**Gerald SOUSA; et al., Petitioners—Appellants,**

v.

**John LAMBERT; et al., Respondents—Appellees.**

No. 02–35659.

D.C. No. CV–00–01484–MJP.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 19, 2003.

Before SCHROEDER, Chief Judge, HAWKINS and TASHIMA, Circuit Judges.

MEMORANDUM **

Washington state prisoners Gerald and Julie Sousa jointly appeal pro se the district court's denial of their 28 U.S.C. § 2254 petition challenging their jury trial convictions for second degree felony murder. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

The Sousas contend that they were denied a fair trial when the prosecutor implied that either they or their trial counsel had attempted to bribe a witness. To warrant habeas relief, prosecutorial misconduct must "so infect[ ] the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v.*

*Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (quoting *Donnelly v. DeChristoforo,* 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974)). Here, any prejudice resulting from the prosecutor's remarks was cured by a thorough curative instruction. *See Greer v. Miller,* 483 U.S. 756, 766 n. 8, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987) (finding that the Court "normally presume[s] that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it"). Accordingly, the Washington state court's determination that the statements did not result in prejudice because of the carefully crafted instruction was neither contrary to, nor involved an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor,* 529 U.S. 362, 402, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.